UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KIMBERLY MILBAUER § § Plaintiff, § VS. § NEWSCAN MEDIA CORPORATION § § Defendant. § § § § § § § | CIVIL ACTION NO. 3:16-cv-235 |

# MEMORANDUM ORDER AND OPINION
# DENYING MOTION TO TRANSFER VENUE

Plaintiff, Kimberly Milbauer, filed this lawsuit on September 1, 2016, complaining of age and race discrimination by her former employer, Newspan Media Corporation. Milbauer is a resident of Denton County, Texas. Newspan is a Texas corporation.

Newspan has filed a motion to transfer this case to the United States District Court for the Southern District of Texas, Houston Division. Dkt. 19. Newspan alleges that transfer of this case is warranted because Houston is a clearly more convenient venue under 28 U.S.C. § 1404(a). Milbauer is opposed to the transfer.

To support its motion, Newspan contends that: its offices are somewhere in "Houston, Texas;" that "all of Defendants' books, records, and witnesses are located in the Houston, Division;" the attorneys in this case office in Houston; witnesses Newspan is "likely to call" are located "in and around" the City of Houston, Texas; the costs of subpoenas to secure the attendance of witnesses will be higher if this case is tried in Galveston; willing witnesses will have to travel more miles to get to the Galveston

Courthouse than the Houston Courthouse; Newspan will have to provide meals and lodging for witnesses if the case is tried in Galveston; both sides will incur additional legal fees if this case is tried in Galveston; and that cases are proceeding to trial faster in Houston than in Galveston. To support the motion, Newspan attached the Declaration of Mario Duenas, the President of Newspan. Dkt. 19-1. However, that declaration is based almost entirely on statements and conclusions that Mr. Duenas has heard from his attorneys about the case, and it is substantially duplicative of the motion to transfer itself. *Id*.

A docket control order has been entered in this case, and trial is set for March 2018.

**STANDARD FOR CONVENIENCE TRANSFERS**

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under § 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is

"significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id*.

A threshold question for a district court considering a motion to transfer venue under 28 U.S.C. 1404(a) is whether the suit could have been filed in movant's desired transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H–13–1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). The parties agree that the Southern District of Texas is the proper venue for this dispute, and Plaintiff does not dispute that the case could have been brought within the Houston Division.

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. §1404(a) by weighing a number of private and public interest factors. *In re Volkswagen Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. No one single factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting

*Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F.3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

## ANALYSIS

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

There is relatively little actual evidence brought forward to support the motion to transfer. For example, Newspan does not specify the address of the office from which the "books and records" it plans to use will originate, nor does it explain how transferring these "books and records" to the Houston Courthouse, located in the midst of a congested city with construction, traffic snarls, and limited parking, is "clearly more convenient" than transferring them to the Galveston Courthouse, which has free parking and notably less traffic congestion and construction. Similarly, there is no actual evidence about Newspan's planned trial witnesses, what they may say, whether they will indeed need to stay in either Houston or Galveston hotels, and what the attendant costs may be. Although Newspan makes mention of witnesses, it has not shown the likelihood that any of such witnesses may actually be called at trial, or the relevance of their testimony. *Compare, e.g., Grayson v. Wood Group PSN, Inc,* No. 3:15–cv–0035, 2017 WL 914993 (S.D. Tex. March 8, 2017) (listing the names, addresses, job descriptions, and potential relevance at trial of several proposed witnesses, and discussing whether each is within the subpoena power of the various federal courts). The Court also notes that, other than mere

distances, there is no actual evidence about the relative convenience of travel for the witnesses, the cost of transportation, or the disruption of their lives if the case were in Houston versus Galveston. Given the relatively close distances, and taking judicial notice of the realities of traffic conditions and construction in the greater Galveston/Houston metropolitan area, this is just not enough.

Next, the Court considers the public interest concerns, including the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. As to these factors, Newspan cites the anecdotal experience of its counsel with one case in the Houston Division to contend that cases proceed to trial faster in Houston than in Galveston. Again, this is not just enough.

After full consideration of the motion, the briefing in response, and the record of this case as a whole, the Court finds that Newspan has failed to carry its burden of showing that transfer of this case to Houston would be clearly more convenient.

Accordingly, Newspan's motion to transfer venue is **DENIED**.

SIGNED at Galveston, Texas, this 18th day of May, 2017.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge